# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **G.M. and S.M.**

**No. 22-0240** (Braxton County 20-JA-48 and 20-JA-49)

## MEMORANDUM DECISION

Petitioner Father J.M., by counsel Andrew Chattin, appeals the Circuit Court of Braxton County's February 28, 2022, order terminating his parental rights to G.M. and S.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Katica Ribel, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the children also in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2020, the DHHR filed a child abuse and neglect petition against petitioner and his live-in girlfriend, K.B., regarding allegations of physical abuse against G.M.[2] After further investigation, the DHHR filed an amended petition, raising allegations that petitioner and K.B. failed to seek medical treatment for S.M.'s dislocated hip and/or hip dysplasia, and that petitioner had previously been arrested and criminally charged for whipping the children with a broken piece of wood, although the charges were later dismissed.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner is the biological father of S.M. and the legal guardian of G.M. K.B. has no biological relationship with the children but was a daily caretaker in the home.

In April of 2021, the circuit court held an adjudicatory hearing. The DHHR presented the testimony of several witnesses who testified to G.M.'s injuries, the allegations of physical abuse, and S.M.'s untreated medical issues. The DHHR also introduced photographs of the marks on G.M.'s face and medical records regarding S.M.'s diagnosis of hip dysplasia. Petitioner testified that he was not home during the incident wherein K.B. hit G.M. and that he had taken S.M. to see medical professionals for her hip condition but they had told him that nothing was wrong with her hip. Ultimately, the circuit court adjudicated the children as abused and neglected children. The circuit court found that petitioner failed to protect the children from K.B.'s actions and also inflicted physical pain on G.M. The circuit court noted that the evidence established that "this was not an isolated incident of physical abuse and over the past two (2) years school personnel ha[ve] witnessed physical evidence of abuse on the child [G.M.]" Lastly, the circuit court found that petitioner failed to rebut the DHHR's evidence of medical neglect of S.M. and failed to produce any documentation of the child's alleged medical care. The guardian subsequently requested that petitioner and K.B. submit to psychological evaluations, and the circuit court ordered the same.

The circuit court held two dispositional hearings in August and September of 2021. The circuit court heard the testimony of Barbara Nelson, a licensed psychologist who performed petitioner's psychological evaluation; two Child Protective Services ("CPS") workers; and petitioner. By order entered on February 28, 2022, the circuit court found that petitioner failed to demonstrate that he would substantially comply with the terms and conditions of an improvement period. The circuit court found that petitioner failed to take any responsibility for abusing and neglecting the children, citing to Ms. Nelson's psychological evaluation report which noted that despite admitting to hitting the children with a piece of wood, petitioner would not acknowledge that his use of physical abuse or excessive discipline was wrong. Indeed, petitioner minimized his conduct and justified his actions by blaming the children's behaviors. The circuit court noted that petitioner also justified the girlfriend's actions until his "eleventh-hour testimony at the disposition[al] hearing." The circuit court further found that during his testimony, petitioner's only response when asked what he had done wrong was to acknowledge that he should have signed a safety plan. The circuit court found this especially significant given that the court found that petitioner failed to protect the children and perpetrated acts of physical abuse on the children. The circuit court concluded that petitioner lacked any insight into his parenting deficiencies and was not motivated or willing to change. Lastly, the circuit court found that petitioner was defensive and had a poor attitude at the dispositional hearing, and that his testimony lacked credibility and sincerity regarding his willingness to comply with an improvement period. Petitioner appeals the circuit court's February 28, 2022, dispositional order terminating his parental rights to the children.[3]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

---

[3]The mother's custodial rights were terminated in 2017. Any rights K.B. had to the children were terminated below. The permanency plan for the children is adoption, and the DHHR is currently assessing several foster families who are interested in placement of the children.

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights without first granting him an improvement period. Petitioner contends that the circuit court terminated his parental rights based on the physical abuse and his own bad attitude—issues that he avers could have been addressed through an improvement period. According to petitioner, the testimony at the dispositional hearing established that he was employed, submitted only negative drug screens, consistently visited with the children, and complied with all services offered. As such, petitioner maintains that he demonstrated he was likely to participate in an improvement period and to correct the conditions of abuse and neglect. Indeed, one CPS worker testified that petitioner was completely compliant with services and that she did not see any reason to recommend termination from her observations. Petitioner also testified that he would comply with the terms and conditions of an improvement period. Petitioner argues that the circuit court's bases for terminating his parental rights were subjective and that the evidence, in fact, demonstrated that there was a reasonable likelihood that he would correct the conditions of abuse and neglect in the near future.

We have held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence that the respondent is likely to fully participate in the improvement period.'" *In re Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004). We find that the circuit court did not err in denying petitioner an improvement period. Petitioner is correct that he complied with services, visited with the children, and maintained employment. However, we have previously held that "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re B.H.*, 233 W. Va. 57, 754 S.E.2d 743 (2014). Here, the circuit court found that, despite petitioner's compliance with services, the circumstances of the case did not warrant returning the children to petitioner's home as he minimized his conduct and justified his actions by blaming the children's behavior. While petitioner testified at the dispositional hearing that he would comply with services and finally ceased to justify K.B.'s actions, the circuit court found that this testimony came at the "eleventh hour" and lacked credibility and sincerity. We decline to disturb any credibility determinations made by the circuit court. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Moreover, while a CPS

worker testified that she had not personally observed any bases upon which to terminate petitioner's parental rights, the CPS worker stated that she had been assigned to the case late in the proceedings and had not had time to review the file, but had consulted with her predecessors, who recommended the termination of petitioner's parental rights. As with petitioner's testimony, we decline to disrupt the circuit court's credibility assessment of the CPS worker. *Id.* Lastly, we note that Ms. Nelson gave petitioner an extremely poor prognosis for attaining minimally adequate parenting and opined that he lacked the motivation or willingness to change or correct his parenting deficiencies. Accordingly, we find no error in the circuit court's decision to deny petitioner's request for an improvement period.

The evidence as presented above likewise supports the termination of petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental, custodial, and guardianship rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. Here, we find that petitioner demonstrated an inadequate capacity to solve the problems of abuse and neglect on his own or with help. *See* W. Va. Code § 49-4-604(d) (indicating that there is no reasonable likelihood conditions can be corrected when the abusing parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on [his or her] own or with help."). While petitioner was not granted an improvement period, he was granted services, and the circuit court determined that his compliance with the same was not sufficient to warrant returning the children to his care. Specifically, the circuit court found that petitioner failed to accept responsibility for his actions and lacked insight into his parenting deficiencies. Moreover, as noted above, petitioner's prognosis for attaining minimally adequate parenting was deemed extremely poor, and his sudden change in heart at the dispositional hearing left the circuit court unconvinced that petitioner would be able to remedy the conditions of abuse and neglect in the near future. This abovementioned evidence is sufficient to support a finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare.

While petitioner argues that the circuit court could have employed a less restrictive alternative to the termination of his parental rights, such as an improvement period, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Given the foregoing, we find no error in the circuit court's decision to terminate petitioner's parental rights to the children.

To the extent petitioner claims his parental rights were terminated based upon allegations for which he was not adjudicated, we also find no error. The DHHR presented ample evidence of S.M.'s hip dysplasia and petitioner's failure to seek treatment for the child, despite prompting from the child's principal on multiple occasions. In response, petitioner provided only his testimony that he took the child for medical treatment. Ultimately, the circuit court found that petitioner failed to rebut the DHHR's evidence of medical neglect and failed to provide any evidence to support his claims that he took S.M. to medical appointments for her hip condition. Accordingly, we find that petitioner's argument is without merit as the circuit court clearly made findings regarding the child's medical neglect such that petitioner was on notice that the same would be considered at disposition. Petitioner is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 28, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn